Xavier M. Brandwajn (State Bar No. 246218)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  650-838-2000
Facsimile:  650-838-2001
E-mail:  xavier.brandwajn@alston.com

*Attorney for Plaintiffs*
ENERGIZER BRANDS, LLC and ENERGIZER HOLDINGS, INC.

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ENERGIZER BRANDS, LLC AND ENERGIZER HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AA PORTABLE POWER CORP., <br><br> Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Energizer Brands, LLC ("Energizer Brands") and Energizer Holdings, Inc. ("Energizer Holdings") (collectively, "Energizer") file this Complaint against Defendant AA Portable Power Corp. ("Defendant"), and allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and results from Defendant's infringement of Energizer's patented innovations related to lithium batteries.

2. Energizer seeks, inter alia, injunctive relief, monetary damages, and recovery of Energizer's costs and reasonable attorneys' fees incurred in connection with this action.

## THE PARTIES

3. Plaintiff Energizer Brands is a Delaware limited liability company with a principal place of business at 533 Maryville University Dr., St. Louis, MO, 63141.

4. Plaintiff Energizer Holdings is a corporation duly organized and existing under the laws of Missouri with a principal place of business at 533 Maryville University Dr., St. Louis, MO, 63141.

5. Among other things, Energizer is engaged in the development, manufacture, and sale of batteries, including but not limited to its line of Energizer® Ultimate Lithium batteries.

6. On information and belief, Defendant AA Portable Power is a corporation organized and existing under the laws of California with a principal place of business at 825 South 19th Street, Richmond, CA 94804.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under 35 U.S.C. § 271.

8. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in the State of California.

9. This Court also has personal jurisdiction over Defendant because Defendant purposely avails itself of the benefits of doing business in the State of California, and because Defendant has

infringed Energizer's patents and sold the products at issue in this Complaint to consumers in the State of California and in this judicial district. Upon information and belief, Defendant (1) intentionally markets and provides its products to residents of this State; (2) sells its products at stores located within this State and judicial district; and (3) enjoys substantial revenues from sales of its products and services in this State. Thus, Defendant has purposefully and voluntarily placed its products, and/or caused its products to be placed, into the stream of commerce with the expectation that they will be purchased by consumers in the State of California and this judicial district. Personal jurisdiction is also proper because Defendant has committed patent infringement in the State of California and in this judicial district, and Energizer's claims arise out of such acts, and/or because Defendant has otherwise made or established contacts in the State of California and in this judicial district sufficient to permit the exercise of personal jurisdiction. As such, Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Defendant resides in this judicial district for purposes of venue because California is its state of incorporation. 28 U.S.C. § 1400(b). Defendant also commits acts of infringement and has a regular and established place of business within this judicial district. *Id*.

**INTRADISTRICT ASSIGNMENT**

11. Pursuant to LR 3-2(c) and LR 3-5(b), this case is properly assigned to the Court's Oakland Division. For purposes of Intradistrict assignment, a civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred. Here, Defendant is located in Richmond, California, which is located in Contra Costa County, and that is where Defendant engaged in a substantial portion of the conduct which gives rise to the causes of action alleged in this complaint.

**FACTUAL ALLEGATIONS**

**Background**

12. Energizer is an international leader in battery technology. In the United States, Energizer develops, manufactures, and sells high quality batteries, including lithium batteries for a

1 variety of consumer applications.

2     13. Among many other products, Energizer designs, develops, manufactures, and sells a range of lithium batteries, including its line of Energizer® Ultimate Lithium batteries, in the United States.

    14. Energizer, through considerable investment in research and development and the skill of its researchers and engineers, has been an innovator in lithium battery technology.  Energizer has protected its innovations by pursuing and obtaining intellectual property protection, including U.S. Patent Nos. 8,460,826 ("the 826 Patent") and 9,472,807 ("the 807 Patent").

### U.S. Patent No. 8,460,826

    15. The 826 Patent duly and legally issued on June 11, 2013 and is assigned to Energizer Brands, LLC.  The 826 Patent is titled "Lithium-iron disulfide cell design" and names Weiwei Huang and Matthew Wendling as inventors.  A true and correct copy of the 826 Patent is attached hereto as Exhibit A.

### U.S. Patent No. 9,472,807

    16. The 807 Patent duly and legally issued on October 18, 2016 and is assigned to Energizer Brands, LLC.  The 807 Patent is titled "High discharge capacity lithium battery" and names Jack Marple and Michael Wemple as inventors.  A true and correct copy of the 807 Patent is attached hereto as Exhibit B.

### Defendant's Infringing Products

    17. Defendant AA Portable Power Corp. is a manufacturer and distributor of consumer electronic goods, including lithium batteries.  Defendant sells its products, including its AA-sized lithium batteries sold under at least the Powerizer brand, to consumers throughout the United States.  Defendant sells its products to consumers in the United States through its website and through various online retailers.

    18. Defendant's AA-sized lithium batteries embody each and every limitation of at least claims 1-2, 5-8, 10-11, 13, 15, 17-20, and 22 of the 826 Patent and at least claims 1 and 6-9 of the 807 Patent.  Exemplary claim charts showing Defendant's infringement of the claims of the 826 and 807 Patents are attached hereto as Exhibits C and D.

## COUNT I: INFRINGEMENT OF THE 826 PATENT

19. The allegations contained in paragraphs 1-18 above are incorporated by reference as if full set forth herein.

20. As shown in Exhibit C, Defendant's AA-sized Powerizer lithium batteries embody each and every element of at least claims 1-2, 5-8, 10-11, 13, 15, 17-20, and 22 of the 826 Patent.

21. Defendant has made, used, offered for sale, sold, and imported its infringing products in the United States.

22. Energizer has suffered damages as a direct and proximate result of Defendant's infringement. Energizer is entitled to an award of monetary damages.

23. Energizer will suffer and is suffering irreparable harm from Defendant's infringement. Energizer lacks an adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the 826 Patent. Unless enjoined, Defendant will continue its infringing conduct. This case is exceptional and Energizer is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285. Treble damages are also warranted.

## COUNT II: INFRINGEMENT OF THE 807 PATENT

24. The allegations contained in paragraphs 1-23 above are incorporated by reference as if full set forth herein.

25. As shown in Exhibit D, Defendant's AA batteries embody each and every element of at least claims 1 and 6-9 of the 807 Patent.

26. Defendant has made, used, offered for sale, sold, and imported its infringing products in the United States.

27. Energizer has suffered damages as a direct and proximate result of Defendant's infringement. Energizer is entitled to an award of monetary damages.

28. Energizer will suffer and is suffering irreparable harm from Defendant's infringement. Energizer lacks an adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the 807 Patent. Unless enjoined, Defendant will continue its infringing conduct. This case is exceptional and Energizer is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285. Treble damages are also warranted.

**JURY TRIAL DEMAND**

Energizer requests a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Energizer prays that the Court:

(a) Issue a judgment that the 826 and 807 Patents are valid and enforceable;

(b) Issue a judgment that Defendant has infringed one or more claims of both the 826 and 807 Patents;

(c) Issue an injunction preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities infringing the 826 and 807 Patents;

(d) Award damages adequate to compensate Energizer for Defendant's infringement with the maximum pre-judgment and post-judgment interest and costs, as provided by 35 U.S.C. § 284;

(e) Declare this case exceptional, in accordance with 35 U.S.C. § 285;

(f) Award Energizer its attorneys' fees, costs, and expenses; and

(g) Grant Energizer any further relief that may be necessary to achieve justice.

| | |
|---|---|
| DATED:  April 17, 2019 | ALSTON & BIRD LLP |
| | /s/  *Xavier M. Brandwajn* |
| | Xavier M. Brandwajn (State Bar No. 246218)<br>ALSTON & BIRD LLP<br>1950 University Avenue, 5th Floor<br>East Palo Alto, CA 94303<br>Telephone:  650-838-2000<br>Facsimile:  650-838-2001<br>E-mail:  xavier.brandwajn@alston.com |
| | Keith E. Broyles<br>Georgia Bar No. 090152<br>(*pro hac vice* application forthcoming)<br>Pamela Holland Councill<br>Georgia Bar No. 740490<br>(*pro hac vice* application forthcoming)<br>Max E. Rubinson<br>Georgia Bar No. 749711<br>(*pro hac vice* application forthcoming)<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Telephone:  404-881-7000<br>Facsimile:  404-881-7700<br>E-mail:  keith,broyles@alston.com<br>E-mail:  pamela.councill@alston.com<br>E-mail:  max.rubinson@alston.com |
| | *Attorneys for Plaintiffs*<br>ENERGIZER BRANDS, LLC and<br>ENERGIZER HOLDINGS, INC. |